UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MY-SON MCNAIR,

                Plaintiff,

v.

CHARLES DANIELS, et al.,

                Defendants.

Case No. 3:23-cv-00151-ART-CLB

ORDER

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, and has filed an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1). The matter of the filing fee will be temporarily deferred. The Court now screens Plaintiff's civil rights complaint under 28 U.S.C. § 1915A.

## I.  SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's

1. claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF COMPLAINT

### A.   Summary of Allegations

In his Complaint, Plaintiff sues multiple Defendants for events that took place while Plaintiff was incarcerated at Northern Nevada Correctional Center ("NNCC"). ECF No. 1-1 at 1. Plaintiff sues Defendants Charles Daniels, Brian Williams, Robert Hartman, Brad Humpries, Frazier, Teryl, and Dyer. *Id.* at 2-4. Plaintiff brings two claims and seeks monetary and injunctive relief. *Id.* at 8-11.

Plaintiff alleges the following. Plaintiff is a practicing Muslim who performs five prayers a day. *Id.* at 3, 5. From March 2022 to October 2022, Plaintiff attempted to purchase scented prayer oil, but Defendants prevented Plaintiff from purchasing and possessing scented prayer oil for his five daily prayers. *Id.* He alleges that without the scented prayer oil he cannot perform his five daily prayers in accordance with the Quran and Sunnah. *Id.*

1    Although Plaintiff was permitted to purchase scented prayer oil on October 4, 2022, Defendants limited the amount of oil Plaintiff could order. *Id.* Defendants limited Plaintiff to purchasing two ounces of scented prayer oil every three months. *Id.* Plaintiff alleges that due to the prayer oil limit, he would only have scented prayer oil for 600 prayers out of an estimated 1,825 prayers annually. *Id.* at 7. Plaintiff cites *Johnson v. Baker*, 23 F.4th 1209 (9th Cir. 2022)[1], and alleges that he should be permitted to possess a half-ounce of prayer oil per week. *Id.* at 6. Plaintiff alleges that Defendants banned the purchase of scented prayer oil in March 2022 in response to the Ninth Circuit's ruling in *Johnson*. *Id.* at 5-6.

Plaintiff alleges that Defendant Daniels banned the sale of religious prayer oil because Defendant "lost in a bench trial and an appeal to the 9th Circuit," referring to *Johnson*. *Id.* at 8. Defendant Williams denied Plaintiff access to religious prayer oil by instituting a ban on religious prayer oil. *Id.* He further alleges that Defendants Hartman, Frazier, Humphries and Teryl prevented Plaintiff from accessing religious prayer oil. *Id.* at 8-9.

Plaintiff brings one First Amendment free exercise of religion claim and one claim under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").

**B.    Free Exercise of Religion and RLUIPA (Claims 1 and 2)**

The First Amendment to the United States Constitution provides that Congress shall make no law respecting the establishment of religion or prohibiting the free exercise thereof. U.S. Const. Amend. I. The Supreme Court has held that inmates retain the protections afforded by the First Amendment, "including its directive that no law shall prohibit the free exercise of religion."

---

[1] In *Johnson*, the Ninth Circuit agreed with the district court's finding that permitting the plaintiff to personally possess a half-ounce of scented oil for use in prayer per week would mitigate the prison's security concerns. 23 F.4th at 1218.

4

*O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). The Supreme Court also has recognized that an inmate's "limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives—including deterrence of crime, rehabilitation of prisoners, and institutional security." *Id.* "A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of his religion. A substantial burden . . . place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce the individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Jones v. Williams*, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (internal quotations and citations omitted). Even if such a belief is substantially burdened, the regulation is "valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

Claims brought under the RLUIPA are like free exercise claims, although RLUIPA proceeds under a slightly different framework. RLUIPA prohibits the government from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a)(1)-(2). Thus, "[c]laims brought under RLUIPA are subject to a strict scrutiny standard, which replaces the reasonableness standard employed in cases involving constitutional violations." *Shilling v. Crawford*, 536 F. Supp. 2d 1227, 1232 (D. Nev. 2008). A plaintiff has the initial burden of proving that the prison's actions implicated the plaintiff's religious exercise and that the prison's actions substantially burdened the exercise of religion. *Holt v. Hobbs*, 574 U.S. 352, 360-61 (2015).

     RLUIPA broadly defines "religious exercise" as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C.A. § 2000cc-5(7)(A). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005) (citing 42 U.S.C.A. § 2000cc-3(g)). RLUIPA's substantial-burden inquiry asks whether the government substantially burdened religious exercise, not whether the RLUIPA claimant is able to engage in other forms of religious exercise. *Holt*, 574 U.S. at 361-62. A substantial burden on religious exercise must impose a "significantly great restriction" on the exercise. *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004).

     Based on the allegations, Plaintiff is a practicing Muslim that uses religious oil during his five daily prayers. Defendants denied Plaintiff access to prayer oil from March to October 2022. When Defendants permitted Plaintiff access to prayer oil, they limited the amount he could purchase to two ounces every three months, which Plaintiff alleges is not a sufficient amount for Plaintiff to use prayer oil for each of his five daily prayers. The Court finds the allegations are enough for screening purposes to state colorable free exercise of religion and RLUIPA claims.

### III. CONCLUSION

     It is therefore ordered that a decision on the application to proceed *in forma pauperis* (ECF No. 1) is deferred.

     It is further ordered that the Clerk of the Court is directed to (1) file the Complaint (ECF No. 1-1) and (2) send Plaintiff a courtesy copy of the Complaint.

     It is further ordered that claim 1, alleging First Amendment free exercise of religion violations, will proceed against Defendants Charles Daniels, Brian Williams, Frazier, Robert Hartman, Brad Humpries, Teryl, and Dyer.

     It is further ordered that claim 2, alleging violations of the RLUIPA, will

proceed against Defendants Charles Daniels, Brian Williams, Frazier, Robert Hartman, Brad Humpries, Teryl, and Dyer.

It is further ordered that, given the nature of the claim that the Court has permitted to proceed, this action is stayed for 90 days to allow Plaintiff and Defendants an opportunity to settle their dispute before the $350.00 filing fee is paid, an answer is filed, or the discovery process begins. During this 90-day stay period and until the Court lifts the stay, no other pleadings or papers may be filed in this case, and the parties may not engage in any discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the court to do so. The Court will refer this case to the Court's Inmate Early Mediation Program, and the Court will enter a subsequent order. Regardless, on or before 90 days from the date this order is entered, the Office of the Attorney General must file the report form attached to this order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered prior to the end of the 90-day stay. If the parties proceed with this action, the Court will then issue an order setting a date for Defendants to file an answer or other response. Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

"Settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve Plaintiff's issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

It is further ordered that if the case does not settle, Plaintiff will be required to pay the full $350.00 statutory filing fee for a civil action. This fee cannot be waived, and the fee cannot be refunded once the Court enters an order granting Plaintiff's application to proceed *in forma pauperis*. If Plaintiff is allowed to proceed *in forma pauperis*, the fee will be paid in installments from his prison

trust account. *See* 28 U.S.C. § 1915(b). If Plaintiff is not allowed to proceed *in forma pauperis*, the full $350 statutory filing fee for a civil action plus the $52 administrative filing fee, for a total of $402, will be due immediately.

It is further ordered that if any party seeks to have this case excluded from the inmate mediation program, that party must file a "motion to exclude case from mediation" no later than 21 days prior to the date set for mediation. The responding party will have seven days to file a response. No reply may be filed. Thereafter, the Court will issue an order, set the matter for hearing, or both.

It is further ordered that if Plaintiff needs an interpreter to participate in the mediation program, Plaintiff will file a notice identifying the interpretation language and the need for the interpreter within 30 days from the date of this order.

The Clerk of Court is further directed to add the Nevada Department of Corrections to the docket as an Interested Party and electronically serve a copy of this order and a copy of Plaintiff's Complaint (ECF No. 1-1) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the interested party on the docket. This does not indicate acceptance of service.

It is further ordered that the Attorney General's Office must advise the Court within 21 days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of Interested Party for the purpose of participation in the Early Mediation Program. No defenses or objections, including lack of service, will be waived because of the filing of the limited notice of appearance.

DATED THIS 7th day of August 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MY-SON MCNAIR,

        Plaintiff,

v.

CHARLES DANIEL, *et al.*,

        Defendants.

Case No. 3:23-cv-00151-ART-CLB

REPORT OF ATTORNEY GENERAL RE: RESULTS OF 90-DAY STAY

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL WILL FILE THIS FORM.  THE INMATE PLAINTIFF MAY NOT FILE THIS FORM.**

      On _____ [*the date of the issuance of the screening order*], the Court issued its screening order stating that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed. The Court ordered the Office of the Attorney General of the State of Nevada to file a report 90 days after the date of the entry of the Court's screening order to indicate the status of the case at the end of the 90-day stay. By filing this form, the Office of the Attorney General hereby complies.

**REPORT FORM**

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case**: **The case was assigned to mediation by a court-appointed mediator during the 90-day stay.**  [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature block.]

    \_\_\_\_  A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*).  (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

    \_\_\_\_  A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

    \_\_\_\_  No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case.

9

(*If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

\_\_\_\_    No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [*enter date*].

\_\_\_\_    No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

\_\_\_\_    None of the above five statements describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

\* \* \* \* \*

**Situation Two: Informal Settlement Discussions Case**: **The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations.** [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.]

\_\_\_\_    The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*).  (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

\_\_\_\_    The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

\_\_\_\_    The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

\_\_\_\_    None of the above three statements fully describes the status of this case.  Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

Submitted this _____ day of _____, \_\_\_\_\_ by:

Attorney Name: _____      _____
                              Print                                                       Signature

Address: _____      Phone:

_____

_____

Email: _____